1   PAUL L. REIN, Esq. (SBN 43053)
    CELIA McGUINNESS, Esq. (SBN 159420)
2   CATHERINE M. CABALO (SBN 248198)
    LAW OFFICES OF PAUL L. REIN
3   200 Lakeside Drive, Suite A
    Oakland, CA  94612
4   Telephone:    510/832-5001
    Facsimile:    510/832-4787
5   reinlawoffice@aol.com

6   Attorneys for Plaintiff
    NICOLE MOSS
7

8                   UNITED STATES DISTRICT COURT
9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  NICOLE MOSS,                         CASE NO.
                                         Civil Rights
12            Plaintiff,
                                         COMPLAINT FOR DECLARATORY AND
13                                       INJUNCTIVE RELIEF AND DAMAGES:

14                                       (1)     Violation of the Americans with
                                         Disabilities Act of 1990, Title III, 42 U.S.C. §
15  v.                                   12181 *et seq.*

16                                       (2)     Violation of the Americans with
                                         Disabilities Act of 1990, Title II, 42 U.S.C. §
17                                       12131 *et seq.*

18  KINDRED HEALTHCARE                   (3)     Violation of the Rehabilitation Act of
    OPERATING, INC.;                     1973, 29 U.S.C. § 794
19  THC-ORANGE, COUNTY, INC.,
    dba KINDRED HOSPITAL-SAN             (4)     Violation of the California Disabled
20  FRANCISCO BAY AREA;                  Persons Act (Civil Code § 54 *et seq.*; California
    VENTAS REALTY, L.P.; SAN             Health & Safety Code §§ 19955 *et seq.*)
21  FRANCISCO GENERAL
    HOSPITAL AND TRAUMA                  (5)     Violation of the California Unruh Act
22  CENTER; CITY AND COUNTY OF           (Civil Code § 51 *et seq.*);
    SAN FRANCISCO; and DOES 1-20,
23  INCLUSIVE,                           (6)     Violation of California Government
                                         Code Section 11135
24            Defendants.
    _____/        DEMAND FOR JURY TRIAL
25

26                          NATURE OF ACTION

27       1.      Plaintiff NICOLE MOSS has suffered from discrimination against her as a

28  person with disabilities in both the outpatient and inpatient services at Kindred Hospital.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -1-        S:\CASES\KINDRED HOSPITAL\Pleadings\KINDRED.CMP.wpd

1  Hospital employees and agents knowingly and intentionally discriminated against

2  Plaintiff despite their actual knowledge that she is paraplegic and requires the use of a

3  wheelchair for mobility.  While she was hospitalized for a total of 61 days, Plaintiff was

4  not provided with wheelchair-accessible facilities or an accessible room.

5      2.   Kindred Hospital is a public accommodation owned and operated by

6  Defendants KINDRED HEALTHCARE OPERATING, INC.; THC-ORANGE,

7  COUNTY, INC. dba KINDRED HOSPITAL-SAN FRANCISCO BAY AREA; and

8  VENTAS REALTY, L.P.  Their discriminatory acts and omissions violated the

9  Americans with Disabilities Act, Title III, and supplementary State civil rights laws.

10      3.   San Francisco General Hospital is a program, service and activity of

11  Defendant City and County of San Francisco.  Its discriminatory acts and omissions

12  regarding its disabled patient hospital transfer policy, including Kindred Hospital, violate

13  the Americans with Disabilities Act, Title II, as well as the Rehabilitation Act of 1973

14  and supplementary State civil rights laws.

15      4.   As a remedy for the statutory violations described herein, Plaintiff seeks a

16  declaration that Defendants are violating federal and State law; an injunction compelling

17  Defendants to cease discriminating against patients with disabilities and provide persons

18  with disabilities equal access to Kindred Hospital as a public accommodation and to the

19  patient transfer policies, programs, services and activities of San Francisco General

20  Hospital; and damages for the injuries she has suffered and will continue to suffer until

21  Defendants change their discriminatory behavior.

22

23  **JURISDICTION**

24      5.   This Court has jurisdiction over the claims brought under federal law

25  pursuant to 28 U.S.C. §§ 1331 for violations of 42 U.S.C. §§ 12101 *et seq*.  This Court

26  has jurisdiction over the claims brought under California law pursuant to 28 U.S.C. §

27  1367.

28

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -2-   S:\CASES\KINDRED HOSPITAL\Pleadings\KINDRED.CMP.wpd

**VENUE**

6.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this District and that Plaintiff's causes of action arose in this District.

**PARTIES**

7.      Plaintiff NICOLE MOSS is a person with a disability as defined in 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B) and California Government Code § 12926(l). She has been paraplegic since 1982, using a power wheelchair for mobility.  She has a disabled parking placard issued by the State of California.

8.      Defendant THC-ORANGE, COUNTY, INC., dba KINDRED HOSPITAL-SAN FRANCISCO BAY AREA owns and operates Kindred Hospital.

9.      Defendant KINDRED HEALTHCARE OPERATING, INC. operates Kindred Hospital ("Kindred") as a public accommodation open to the public under the laws of the State of California.  On information and belief Defendant THC-ORANGE, COUNTY, INC., dba KINDRED HOSPITAL-SAN FRANCISCO BAY AREA contracts with Defendant KINDRED HEALTHCARE OPERATING, INC. to provide day-to-day operations of Kindred Hospital.

10.     Defendant VENTAS REALTY, L.P. owns the property where Kindred Hospital is located.  On information and belief VENTAS REALTY, L.P. leases the land and hospital building to Defendants KINDRED HEALTHCARE OPERATING, INC., and THC-ORANGE, COUNTY, INC., dba KINDRED HOSPITAL-SAN FRANCISCO BAY AREA.

11.     On information and belief, together defendants KINDRED HEALTHCARE OPERATING, INC.,  THC-ORANGE, COUNTY, INC., dba KINDRED HOSPITAL-SAN FRANCISCO BAY AREA, and VENTAS REALTY, L.P. (the "Kindred Defendants") own, operate, and/or lease Kindred Hospital.

12.     Defendant SAN FRANCISCO GENERAL HOSPITAL AND TRAUMA

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -3-          S:\CASES\KINDRED HOSPITAL\Pleadings\KINDRED.CMP.wpd

1   CENTER ("SF General") is a public entity, organized and existing under the laws of the

2   State of California.  Under its authority, Defendant SF General operates and manages the

3   San Francisco General Hospital, located at 1001 Potrero Ave., San Francisco, California,

4   and is, and was at all relevant times mentioned herein, responsible for the actions and/or

5   inactions and the policies, procedures, practices, and customs of SF General's disabled

6   patient transfer policy.

7          13.    Defendant CITY AND COUNTY OF SAN FRANCISCO is a municipal

8   entity organized under the laws of the State of California.  San Francisco Hospital and

9   Trauma Center is a program, service, and activity of Defendant CITY AND COUNTY

10  OF SAN FRANCISCO.

11         14.    The CITY AND COUNTY OF SAN FRANCISCO, and the SAN

12  FRANCISCO GENERAL HOSPITAL AND TRAUMA CENTER (collectively, "the SF

13  General Defendants") are each an owner, operator, lessor or lessee of SF General, and

14  provider of the disabled patient transfer policy,  programs, services and activities at all

15  times relevant to this Complaint.

16         15.    The true names and capacities of Defendants DOES 1-20, Inclusive, are

17  unknown to Plaintiff who therefore sues said Defendants by such fictitious names.  On

18  information and belief, DOES 1-20 are administrators, physicians, and/or staff employed

19  by Kindred Hospital.  Plaintiff is informed and believes that each of the Defendants

20  herein designated as a DOE is legally responsible in some manner for the events and

21  happenings herein referred to and caused injury and damages proximately thereby to

22  Plaintiff.  Plaintiff prays leave of Court to amend this Complaint to show such true

23  names and capacities when they have been ascertained.

24         16.    Each Kindred Defendant was, at all times relevant, the agent, employee or

25  representative of each other Kindred Defendant.  Each Kindred Defendant, in doing the

26  acts or in omitting to act as alleged in this Complaint, was acting within the course and

27  scope of his or her actual or apparent authority pursuant to such agency, or the alleged

28  acts or omissions of each Kindred Defendant as agent were subsequently ratified and

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -4-          S:\CASES\KINDRED HOSPITAL\Pleadings\KINDRED.CMP.wpd

1    adopted by each Kindred Defendant as principal.

2         17.    Each SF General Defendant was, at all times relevant, the agent, employee

3    or representative of each other SF General Defendant.  Each SF General Defendant, in

4    doing the acts or in omitting to act as alleged in this Complaint, was acting within the

5    course and scope of his or her actual or apparent authority pursuant to such agency, or

6    the alleged acts or omissions of each SF General Defendant as agent were subsequently

7    ratified and adopted by each SF General Defendant as principal.

8         18.    On information and belief both the Kindred Defendants and the SF General

9    Defendants receive financial assistance from the State of California.  Both sets of

10   Defendants also receive federal funds.

11

12                          **FACTUAL ALLEGATIONS**

13        19.    The SF General Defendants transferred Plaintiff to Kindred Hospital in an

14   ambulance on February 4, 2015.  On information and belief this transfer occurred in part,

15   because SF General could not perform certain aspects of Plaintiff's necessary medical

16   care.

17        20.    Plaintiff was admitted to Kindred Hospital for 13 days between February 4

18   and February 17, 2015.  Plaintiff was transferred to Alta Bates between February 17 and

19   March 12.  She was then transferred back to Kindred Hospital for another 48 days

20   between March 12 and April 29, 2015.  She therefore stayed a total of 61 days at Kindred

21   Hospital.  Although she was housed in different patient rooms during each of her stays at

22   Kindred, they were identical in configuration and inaccessibility.

23        21.    Upon arrival at Kindred on February 4, 2015, Plaintiff was taken to a

24   patient room which on information and belief is a standard patient care room, uniformly

25   configured with other patient rooms at the hospital.  Plaintiff was not asked how Kindred

26   could accommodate her disability.  She was not provided with any written or verbal

27   information about disability accommodations.  No instructions were given to her

28   regarding how she would escape if a fire occurred.

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

22.     The patient room consists of two beds side by side.  The patient room restroom was adjacent to the entry door.  The paths of travel withing the room were too narrow and made transfer difficult from her bed.  The restroom door width was insufficiently wide for Plaintiff to access with her wheelchair.  Even had the door been wide enough, on information and belief, the restroom was inaccessible in many other respects, rendering it useless to Plaintiff.

23.     Plaintiff immediately complained to a nurse that the patient room was not accessible and requested a transfer.  She was told by nursing staff that no patient rooms were accessible and that she would not be transferred.

24.     The inaccessible configuration of the patient room meant hospital staff placed Plaintiff's power wheelchair on the opposite side of the room from her.  They kept it on the far side of the room closest to the entrance door.  Plaintiff experienced emotional distress, worrying that should there be a fire, she had no way to transfer to her chair to escape.  On information and belief, based on the placement of the chair on the far side of the room and inaccessible path of travel to Plaintiff's bed, Kindred Hosptial does not have an effective emergency exit protocol for persons with disabilities.

25.     In addition to the inaccessible path of travel within the room and inaccessible restroom, policies and practices of the hospital impeded Plaintiff's ability to care for herself independently in day to day life activities.  Worst of these, the bedside commode (necessitated because the restroom was inaccessible) was not accessible.  Specifically, it's arm rests did not allow transfer because the arm rests were too high and not adjustable.

26.     As a result of the inaccessible restroom and commode, Plaintiff was forced, as matter of hospital procedure, to defecate on herself and on a paper placed under her on the bed.  She had to wait for a nurse to clean her and remove the soiled bedding and paper.  Plaintiff would call for nursing assistance and be forced to wait until a nurse became available.  Often when a nurse finally came, the nurse would say to Plaintiff, "I'll be back."  They did not return for sometimes up to two hours, presumably

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -6-                    S:\CASES\KINDRED HOSPITAL\Pleadings\KINDRED.CMP.wpd

1   too busy to address Plaintiff's needs.  Plaintiff was therefore forced to wait in her own

2   feces for up to two hours before being cleaned.

3        27.      Given Plaintiff's particular medical diagnoses, Plaintiff received

4   intravenous laxatives.  This meant she would experience this distressing and

5   embarrassing treatment several times during the day and night.  On information and

6   belief the defecation protocol was official hospital policy.

7        28.      As a result of the lack of accessible facilities, Plaintiff suffered rashes and

8   an additional pressure soar on her lower body.  She also suffered physical injuries and

9   physical and mental pain, fear, degradation and severe emotional distress as well as

10  medical and psychological damages and other injuries as a result of Defendants'

11  unlawful acts and omissions.

12       29.      Defendants acted with oppression, fraud and malice, and with knowing

13  disregard of Plaintiffs' rights.  Defendants knew that their conduct was directed at a

14  disabled person and that their conduct caused her harm, entitling her to a trebling of

15  penalties and statutory and punitive damages pursuant to Civil Code § 3345.

16       30.      Unless enjoined, Defendants will continue to engage in the unlawful acts

17  and the pattern or practice of discrimination described in this complaint against Plaintiff

18  and other disabled persons.  Plaintiff continues to suffer irreparable damage and thus has

19  no adequate remedy at law.  Accordingly, Plaintiff is entitled to injunctive relief as set

20  forth below.

21

22                         **FIRST CAUSE OF ACTION:**
    **VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**
23  **OF 1990 42 U.S.C. § 12181 *et seq.* AGAINST KINDRED HEALTHCARE**
       **OPERATING, INC., THC-ORANGE, COUNTY, INC., dba KINDRED**
24  **HOSPITAL-SAN FRANCISCO BAY AREA, and VENTAS REALTY, L.P. ONLY**

25       31.      Plaintiff repleads and incorporates by reference, as if fully set forth again

26  herein, the factual allegations contained in Paragraphs 1 - 30 above.

27       32.      In 1990 the United States Congress found that laws were needed to more

28  fully protect "some 43,000,000 Americans [with] one or more physical or mental

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

disabilities," that "historically, society has tended to isolate and segregate individuals with disabilities," that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem," that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals," and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous." 42 U.S.C. §12101.

33.     In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

> It is the purpose of this Act
>
> (1)     to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2)     to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
>
> (3)     to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and
>
> (4)     to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities. 42 USC § 12101(b).

34.     The ADA prohibits public entities, from denying "a qualified individual with a disability … the benefits of the services, programs, or activities of [the] public entity" because of the individual's disability. 42 U.S.C. § 12132.

35.     The ADA defines "a qualified individual with a disability" as a person who suffers from a "physical or mental impairment that substantially limits one or more major life activities," including, but not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES         -8-         S:\CASES\KINDRED HOSPITAL\Pleadings\KINDRED.CMP.wpd

1  U.S.C. § 12102(1)(A), (2)(A).  Plaintiff is a qualified individual with a disability as

2  defined in the ADA, as she has impairments that substantially limit one or more major

3  life activities.

4      36.    As part of the ADA, Congress passed "Title III - Public

5  Accommodations and Services Operated by Private Entities." 42 U.S.C. § 12181

6  *et seq.*  The subject property and facility is one of the "private entities" which are

7  considered "public accommodations" for purposes of this title, which includes

8  any "clothing store, hardware store, shopping center or other sales or rental

9  establishment."  42 U.S.C. § 12181 (7)(E).

10     37.    The ADA states that "No individual shall be discriminated against on

11 the basis of disability in the full and equal enjoyment of the goods, services,

12 facilities, privileges, advantages, or accommodations of any place of public

13 accommodation by any person who owns, leases, or leases to, or operates a place

14 of public accommodation." 42 USC § 12182.  Defendants specifically

15 discriminated against Plaintiff in the following respects:

16     a.    Denying Plaintiff an unequal benefit to able bodied patients

17            "Participation in Unequal Benefit. - It shall be discriminatory to

18            afford an individual or class of individuals, on the basis of a

19            disability or disabilities of such individual or class, directly, or

20            through contractual, licensing, or other arrangements, with the

21            opportunity to participate in or benefit from a good, service, facility,

22            privilege, advantage, or accommodation that is not equal to that

23            afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

24     b.    Defendants failed "to make reasonable modifications in policies,

25            practices, or procedures when such modifications are necessary to

26            afford such goods, services, facilities, privileges, advantages, or

27            accommodations to individuals with disabilities...;" 42 U.S.C.

28            § 12182(b)(2)(A)(ii).

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES            -9-            S:\CASES\KINDRED HOSPITAL\Pleadings\KINDRED.CMP.wpd

c.    Defendants failed "to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;" 42 U.S.C. § 12182(b)(2)(A)(iii).

d.    Defendants failed "to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;" 42 U.S.C. § 12182(b)(2)(A)(iv).

e.    Defendants have failed to demonstrate that the removal of any "barrier under clause (iv) is not readily achievable," but that if they were so, have failed "to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."  42 U.S.C. § 12182(b)(2)(A)(v):

38.    The acts and omissions of the Kindred Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 CFR Part 36 *et seq*.

39.    The removal of each of the barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned readily achievable under the standards of sections 12181 and 12182.

40.    On information and belief, alterations, structural repairs or additions since January 26, 1993, have triggered requirements for removal of barriers to access for disabled persons under section 12183.  In the event that removal of any barrier is found to be "not readily achievable," Defendants still violated section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were readily achievable.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -10-          S:\CASES\KINDRED HOSPITAL\Pleadings\KINDRED.CMP.wpd

41.     On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to access this public accommodation since Plaintiff's hospitalization.  Plaintiff has reasonable grounds for believing she will be subjected to such discrimination each time that she may attempt to use the property and premises.  Plaintiff intends to return to use the subject premises as a customer after all barriers to access have been removed.

42.     Pursuant to section 42 USC 12188, Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of the ADA or has reasonable grounds for believing that she is about to be subjected to discrimination.  Pursuant to § 12188(a)(2), "In cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

WHEREFORE, Plaintiff prays for injunctive relief as hereinafter stated.


**SECOND CAUSE OF ACTION:**
**VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF 1990 AGAINST DEFENDANTS SAN FRANCISCO GENERAL HOSPITAL AND TRAUMA CENTER and CITY AND COUNTY OF SAN FRANCISCO**
**(42 U.S.C. § 12131 *et seq.*)**


43.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 - 42 above.

44.      The programs, services, and activities that the SF General Defendants provide to patients include, but are not limited to the Hospital's administrative and diagnostic practices and medical health services, and hospital transfer policies. Defendants' programs, services, and activities are subject to the ADA.

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -11-                    S:\CASES\KINDRED HOSPITAL\Pleadings\KINDRED.CMP.wpd

45.     Under the ADA Defendants are not allowed to operate programs unless they are accessible to and useable by people with disabilities.  Defendants violated the ADA by transferring Plaintiff to Kindred hospital, which was inaccessible in multiple respects.  Defendants were on actual notice that she had a disability but failed to accommodate her as follows:

a.     Excluding Plaintiff from participation in and denying her the benefits of the services, programs and activities of SF General Hospital by programmatic access,  28 C.F.R. § 35.130(a); 35.149; 35.150;

b.     Denying Plaintiff  "an opportunity to participate in or benefit from the aid, benefit, or service that is equal to that afforded others," specifically inter-hospital transfer policies and practices provided by Defendants, 28 C.F.R. 35.130(b)(1)(ii);

c.     Denying Plaintiff "an aid, benefit, or service that is as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others," 28 CFR 35.130(b)(1)(iii);

d.     Providing to Plaintiff different or separate aids, benefits, or services to individuals "than is provided to others unless such action is necessary to provide qualified individuals with disabilities with  aids, benefits, or services that are as effective as those provided to others," 28 CFR 35.130(b)(1)(iv);

e.     Otherwise limiting Plaintiff in the "enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service," 28 CFR 35.130(b)(1)(vii);

f.     Directly or through contractual or other arrangements, "utilizing criteria or methods of administration . . . [t]hat have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability; 28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -12-          S:\CASES\KINDRED HOSPITAL\Pleadings\KINDRED.CMP.wpd

1    C.F.R. 35.130(b)(3)(i)

2    g.    Failing to make "reasonable modifications in policies, practices, or

3          procedures when the modifications are necessary to avoid

4          discrimination on the basis of disability," 28 C.F.R. § 35.130(b)(7);

5    h.    Failing to administer its "services, programs, and activities in the most

6          integrated setting appropriate to the needs of qualified individuals with

7          disabilities," 28 C.F.R. § 35.130(d);

8    i.    Failing to make available to Plaintiff and other patients with

9          disabilities information about their rights under the ADA while

10         admitted at the Hospital, see 28 C.F.R. § 35.106;

11   46.   As a result of Defendants' policy and practice of discriminating against and

12   failing to provide policies and practices that reasonably accommodate transferring

13   patients with disabilities to other hospitals when required, Plaintiff and other persons

14   with mobility disabilities do not have equal access to County activities, programs, and

15   services for which they are otherwise qualified.

16   47.   Defendants' behavior was intentional: Defendants were aware and/or were

17   made aware of their duties to refrain from establishing discriminatory policies and/or

18   barriers preventing physically disabled persons from accessing their facilities, prior to the

19   filing of this Complaint.  In particular, the SF General Defendants' establishment of a

20   discriminatory policy of transferring disabled persons to inaccessible hospitals indicates

21   implied malice toward Plaintiff, and conscious disregard.  The Kindred Defendants'

22   policy of substituting bed baths and commodes for accessible patient restrooms, and

23   imposing it on Plaintiff, indicate actual and implied malice toward Plaintiff, carried out

24   by Defendants with a conscious disregard for her rights and safety.

25   48.   As a result of Defendants' conscious disregard, evidenced by the lack of

26   accessible facilities, Plaintiff suffered physical injuries and physical and mental pain,

27   fear, degradation and severe emotional distress as well as medical and psychological

28   damages.  She is entitled to compensation for her damages under 42 U.S.C. § 12133.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -13-        S:\CASES\KINDRED HOSPITAL\Pleadings\KINDRED.CMP.wpd

1    WHEREFORE, Plaintiff requests relief as outlined below.

2

3                         **THIRD CAUSE OF ACTION:**
     **VIOLATION OF THE REHABILITATION ACT OF 1973**
4           **BY PLAINTIFF AGAINST ALL DEFENDANTS**
                         **[29 U.S.C. § 794]**
5

6    49.    Plaintiff repleads and incorporates by reference, as if fully set forth again

7    herein, the factual allegations contained in Paragraphs 1 - 48 above.

8    50.    At all times relevant to this action, Defendants were recipients of federal

9    funding within the meaning of the Rehabilitation Act.  As recipients of federal funds,

10   they are required to reasonably accommodate persons with disabilities in their facilities,

11   program activities, and services, and to provide a grievance procedure.

12   51.    Plaintiff is a qualified individual with a disability as defined in the

13   Rehabilitation Act.

14   52.    By their policy and practice of discriminating against and failing to

15   reasonably accommodate patients with mobility disabilities, Defendants violate Section

16   504 of the Rehabilitation Act, 29 U.S.C. § 794.

17   53.     As a result of Defendants' discrimination against and failure to provide

18   reasonable accommodations, Plaintiff and other patients with disabilities do not have

19   equal access to SF General Defendant's Hospital's transfer policies and practices

20   included in its activities, programs, and services for which they are otherwise qualified,

21   and/or the public accommodation Kindred Defendants own and operate as Kindred

22   Hospital.

23   54.    Plaintiff's injuries are ongoing so long as Defendants do not modify their

24   policies and procedures and provide fully-accessible facilities for Plaintiff and other

25   persons with mobility disabilities.

26   55.     As a result of Defendants' conscious disregard, evidenced by the lack of

27   accessible facilities, Plaintiff suffered physical injuries and physical and mental pain,

28   fear, degradation and severe emotional distress as well as medical and psychological

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -14-        S:\CASES\KINDRED HOSPITAL\Pleadings\KINDRED.CMP.wpd

1    damages, and other injuries as a result of the discrimination she experienced and other

2    unlawful acts of the Defendants.

3          WHEREFORE, Plaintiff requests relief as outlined below.

4

5                              **FOURTH CAUSE OF ACTION:**
                  **VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**
6                     **BY PLAINTIFF AGAINST ALL DEFENDANTS**
              **[Civil Code § 54 *et seq.*; Civil Code § 55; and California Health & Safety Code**
7                              **§§ 19955 *et seq.*]**

8          56.    Plaintiff repleads and incorporates by reference, as if fully set forth again

9    herein, the factual allegations contained in Paragraphs 1 - 55 above.

10         57.    Kindred Hospital and SF General Hospital are each a public

11   accommodation under state law.

12         58.    Individuals with disabilities have the same right as "the general public to

13   the full and free use of the streets, highways, sidewalks, walkways, public buildings,

14   **medical facilities**, **including hospitals, clinics, and physicians' offices**, public

15   facilities, and other public places."  Cal. Civ. Code § 54 (Emphasis added).  This

16   includes construction and alteration of physical facilities.  California Health and Safety

17   Code §§ 19955 *et seq.*

18         59.    The Kindred Hospital Defendants violated California Disabled Persons

19   Act ("DPA") by their acts and omissions, as follows:

20                A.    Failure to modify their policies and procedures as

21         necessary to ensure Plaintiff full and equal access to the accommodations,

22         advantages, facilities, privileges, or services;

23                B.    Failure to construct and/or alter the Kindred

24         Defendants' facilities in compliance with state building code and state

25         architectural requirements;

26                C.    Violation of the ADA, a violation of which is a violation of

27          the DPA.  Civ.C. §§ 54(c), 54.1(d).

28         60.    The SF General Defendants violated the DPA by their acts and omissions,

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -15-        S:\CASES\KINDRED HOSPITAL\Pleadings\KINDRED.CMP.wpd

1    as follows:

2              A.     Failure to modify their policies and procedures as

3    necessary to ensure Plaintiff full and equal access to the accommodations,

4    advantages, facilities, and privileges of patient transfer services;

5              B.     Violation of the ADA, a violation of which is a violation of

6    the DPA.  Civ.C. §§ 54(c), 54.1(d).

7         61.    Defendants' behavior was intentional: Defendants were aware and/or were

8    made aware of their duties to refrain from establishing discriminatory policies and/or

9    barriers preventing physically disabled persons from accessing their facilities, prior to the

10   filing of this Complaint.  In particular, the SF General Defendants' establishment of a

11   discriminatory policy of transferring disabled persons to inaccessible hospitals and

12   failing to provide them information about their rights indicates implied malice toward

13   Plaintiff, and conscious disregard.  The Kindred Defendants's policy of substituting bed

14   baths and commodes for accessible patient restrooms, and imposing it on Plaintiff,

15   indicate actual and implied malice toward Plaintiff, carried out by Defendants with a

16   conscious disregard for her rights and safety.

17        62.    As a result of Defendants' acts and omissions, Plaintiff suffered physical

18   injuries and physical and mental pain, fear, degradation and severe emotional distress as

19   well as medical and psychological damages, and other injuries as a result of the

20   discrimination she experienced and other unlawful acts of the Defendants.

21        63.    Plaintiff's injuries are ongoing so long as Defendants do not modify their

22   policies and procedures and provide fully-accessible facilities for Plaintiff and other

23   persons with mobility disabilities.

24             WHEREFORE, Plaintiff requests relief as outlined below.

25   //

26   //

27   //

28   //

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -16-    S:\CASES\KINDRED HOSPITAL\Pleadings\KINDRED.CMP.wpd

**FIFTH CAUSE OF ACTION:**
**VIOLATION OF UNRUH CIVIL RIGHTS ACT,**
**CIVIL CODE SECTION 51 *et seq.***
**BY PLAINTIFF AGAINST ALL DEFENDANTS**

64.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 - 63 above.

65.     At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code 51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

66.     The Kindred and SF General Defendants are business establishments within the meaning of the Unruh Act.  The SF General Defendants are the owners and operators of the San Francisco General Hospital business establishment.  The Kindred Defendants are the owners and operators of the Kindred Hospital business establishment.

67.     The Kindred Defendants violated the Unruh Act by their acts and omissions, as follows:

A.     Failure to modify their policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services;

B.     Failure to construct and/or alter the Kindred Defendants' facilities in compliance with state building code and state architectural requirements;

C.     Violation of the ADA, a violation of which is a violation of the Unruh Act.  Civ.C. § 51(f).

68.     The SF General Defendants violated California Disabled Persons Act by their acts and omissions, as follows:

A.     Failure to modify their policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations,

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -17-                    S:\CASES\KINDRED HOSPITAL\Pleadings\KINDRED.CMP.wpd

1    advantages, facilities, and privileges of patient transfer services;

2          B.      Violation of the ADA, a violation of which is a violation of

3    the C.D.P.A.  Civ.C. §§ 54(c) and 54.1(d).

4    69.    Defendants' behavior was intentional: Defendants were aware and/or were

5    made aware of their duties to refrain from establishing discriminatory policies and/or

6    barriers preventing physically disabled persons from accessing their facilities, prior to the

7    filing of this Complaint.  In particular, the SF General Defendants' establishment of a

8    discriminatory policy of transferring disabled persons to inaccessible hospitals and

9    failing to provide them information about their rights indicates implied malice toward

10   Plaintiff, and conscious disregard.  The Kindred Defendants' policy of substituting bed

11   baths and commodes for accessible patient restrooms, and imposing it on Plaintiff,

12   indicate actual and implied malice toward Plaintiff, carried out by Defendants with a

13   conscious disregard for her rights and safety.

14   70.    As a result of Defendants' acts and omissions, Plaintiff suffered physical

15   injuries and physical and mental pain, fear, degradation and severe emotional distress as

16   well as medical and psychological damages, and other injuries as a result of the

17   discrimination she experienced and other unlawful acts of the Defendants.

18   71.    Plaintiff's injuries are ongoing so long as Defendants do not modify their

19   policies and procedures and provide fully-accessible facilities for Plaintiff and other

20   persons with mobility disabilities.

21

22   **SIXTH CAUSE OF ACTION:**
     **VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION 11135**
23   **BY PLAINTIFF AGAINST DEFENDANTS SAN FRANCISCO GENERAL**
     **HOSPITAL AND TRAUMA CENTER AND CITY AND COUNTY OF SAN**
24   **FRANCISCO**

25   72.    Plaintiff repleads and incorporates by reference, as if fully set forth again

26   herein, the factual allegations contained in Paragraphs 1 - 71 above.

27   73.    Plaintiff is a person with a disability within the meaning of California

28   Government Code section 11135.

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -18-          S:\CASES\KINDRED HOSPITAL\Pleadings\KINDRED.CMP.wpd

74.     Defendants denied Plaintiff full access to the benefits of the Hospital's programs and activities for which Defendants receive financial assistance from the State of California, and unlawfully subject Plaintiff and other persons with disabilities to discrimination within the meaning of California Government Code § 11135(a) on the basis of their disabilities.

75.     As a result of Defendants' conscious disregard, evidenced by the lack of accessible facilities, Plaintiff suffered physical injuries and physical and mental pain, fear, degradation and severe emotional distress as well as medical and psychological damages, and other injuries as a result of the discrimination she experienced and other unlawful acts of the Defendants.

76.     Plaintiff's injuries are ongoing so long as defendants do not modify their hospital transfer policies and procedures for Plaintiff and other persons with mobility disabilities.

## **PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief she requests.  Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff NICOLE MOSS prays for judgment and the following specific relief against Defendants:

1.     An order enjoining Defendants, their agents, officials, employees, and all persons acting in concert with them:

a.     From continuing the unlawful acts, conditions, and practices

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

1    described in this Complaint;

2        b.    To modify the Kindred Hospital facilities to provide full and equal

3              access to persons with physical disabilities;

4        c.    To provide reasonable accommodation for persons with disabilities

5              in public accommodations at Kindred Hospital;

6        d.    To ensure that persons with disabilities are not denied the benefits

7              of, or participation in, programs, services, and activities at the SF

8              General Hospital, particularly its transfer policies and practices;

9        e.    To maintain such accessible facilities once they are provided;

10       f.    To train each Defendant employees and agents in how to

11             accommodate the rights and needs of physically disabled persons;

12       g.    To implement nondiscriminating protocols, policies, and practices

13             for accommodating persons with mobility disabilities.

14   2.    Retain jurisdiction over the Defendants until such time as the Court is

15   satisfied that Defendants' unlawful policies, practices, acts and omissions, as complained

16   of herein no longer occur, and can not recur;

17   3.    Award to Plaintiff all appropriate damages, including but not limited to

18   statutory damages, general damages and treble damages in amounts within the

19   jurisdiction of the Court, all according to proof;

20   4.    Award to Plaintiff all reasonable statutory attorney fees, litigation

21   expenses, and costs of this proceeding as provided by federal and state law;

22   5.    Award prejudgment interest pursuant to California Civil Code § 3291; and

23   6.    Grant such other and further relief as this Court may deem just and proper.

24

25   Dated:   February 9, 2016              LAW OFFICES OF PAUL L. REIN

26

27                                          _____/s/ Celia McGuinness_____
                                            By CELIA MCGUINNESS
                                            Attorneys for Plaintiff
28                                          NICOLE MOSS

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -20-          S:\CASES\KINDRED HOSPITAL\Pleadings\KINDRED.CMP.wpd

1

<u>DEMAND FOR JURY</u>

2

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

3

4

Dated:   February 9 , 2016                    LAW OFFICES OF PAUL L. REIN

5

6

_____/s/ Celia McGuinness_____
By CELIA MCGUINNESS
Attorneys for Plaintiff

7

NICOLE MOSS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -21-                    S:\CASES\KINDRED HOSPITAL\Pleadings\KINDRED.CMP.wpd